IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAYMOND TIMOTHY FRANK,

    Petitioner,

  v.

FRANK X. CHAVEZ, Warden,

    Respondent.

No. C 11-5204 YGR (PR)

**ORDER GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS CLAIMS 1-7 AS PROCEDURALLY BARRED; DIRECTING RESPONDENT TO ANSWER CLAIMS 8-11; DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL AND AN EVIDENTIARY HEARING**

(Docket Nos. 14, 16)

## INTRODUCTION

Petitioner Raymond Timothy Frank, an inmate at the Sierra Conservation Center in Jamestown, filed a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed September 11, 2012, the Court denied Respondent's first motion to dismiss ("MTD") the petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The denial was without prejudice to Respondent's renewing the motion.

Respondent has filed a renewed motion to dismiss ("RMTD") claims 1-7 of the petition. Petitioner has opposed the motion and Respondent has filed a reply. Having considered the parties' filings, and good cause appearing, the Court GRANTS Respondent's motion to dismiss claims 1-7 and ORDERS Respondent to file an Answer addressing claims 8-11 of the petition.

## BACKGROUND

On October 15, 2003, Petitioner was convicted by a Contra Costa County jury of two counts of corporal injury of a child (Cal. Penal Code § 273d(a)) and one count of assault causing the death of a child under the age of eight (Cal. Penal Code § 273ab), with one strike and a prior serious felony conviction. (RMTD, Ex. A at 1.) He was sentenced to sixty years and four months in prison. (*Id.*) The judgment was affirmed by the California Court of Appeal on May 10, 2007. (*Id.*) The California Supreme Court denied review on July 18, 2007. (*Id.*, Ex. B.) .

On October 20, 2008, Petitioner filed a petition for a writ of habeas corpus in the Contra Costa County Superior Court. (RMTD, Ex. C.) The court issued a reasoned opinion denying the petition on December 16, 2008. (*Id.*, Ex. C at 1-4.) Thereafter, Petitioner filed state habeas petitions in the California Court of Appeal and the California Supreme Court, both of which were denied. (RMTD, Exs. D, E.)

Petitioner filed his first federal habeas petition on October 14, 2008. (Case No. C 08-04835 MMC (PR), Docket No. 1.) The petition was dismissed without prejudice on December 4, 2008, because Petitioner failed to pay the filing fee. (*Id.*, Docket No. 5.) The Court subsequently declined to reopen the action because the claims presented in the petition appeared to be unexhausted. (*Id.*, Docket No. 8.)

On October 14, 2011, Petitioner filed the instant federal petition for a writ of habeas corpus. (Docket No. 1.) Respondent moved to dismiss the petition as untimely and procedurally barred. After full briefing by the parties, the Court issued an order finding that the petition "is barred as untimely under 28 U.S.C. § 2244(d)(1), unless [Petitioner] can show that he is entitled to equitable tolling of the limitations period." (Docket No. 13 at 6:17-18.) Petitioner argued in his opposition to the motion to dismiss that he was entitled to equitable tolling, but the Court found that Respondent had not adequately addressed the argument. Consequently, the Court denied the motion to dismiss the petition as untimely, without prejudice to Respondent's renewing the motion and addressing equitable tolling. (*Id.* at 15:2-13.) Additionally, the Court declined to address at that time Respondent's alternative argument that claims 1-7 of the petition are procedurally barred. (*Id.* at 19:14-15.)

In the instant motion to dismiss, Respondent renews the argument that claims 1-7 of the petition are procedurally barred. Respondent does not renew the argument that all of the claims in the petition are untimely or address the matter of equitable tolling.

//
//
//

2

**DISCUSSION**

**I.    Procedural Bar**

    **A.    Background**

On direct appeal of his conviction, Petitioner raised four claims, which correspond to claims 8-11 of the instant petition. The California Court of Appeal denied those claims on the merits, and the California Supreme Court denied review. (RMTD, Exs. A, B.)

Subsequently, in a petition for a writ of habeas corpus filed in the superior court, Petitioner raised eleven claims -- the four claims previously raised on appeal plus seven new claims, which correspond to claims 1-7 of the instant petition. (RMTD, Ex. C). In a reasoned order, the superior court denied the petition, finding, *inter alia*, that it was not filed timely in accordance with the state statute of limitations and that the four claims previously raised and denied on appeal were not subject to further review. (*Id.* at 2-3.) Petitioner then filed habeas petitions in the California Court of Appeal and the California Supreme Court, raising the same claims. Both petitions were denied summarily, without citation or comment. (RMTD, Exs. D, E.).

In the instant petition, Petitioner raises the same eleven claims for relief that he raised in his state habeas petitions. Respondent moves to dismiss claims 1-7 on the ground that they are procedurally barred from federal review because of the state court's determination that the claims were not filed timely.

    **B.    Analysis**

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question, and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In those cases in which the state court decision is based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750. The state bears the burden of proving the adequacy of a state procedural bar. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th

Cir. 2003).

### 1. **Independent and Adequate Procedural Rule**

As noted, the superior court issued a reasoned order in which it denied Petitioner's state habeas petition because, *inter alia*, it was not filed timely. Specifically, the court ruled as follows:

> Petitioner was convicted and sentenced in 2005. The conviction was affirmed in 2007. He waited until October 2008 -- three years after the conviction and more than a year after the affirmance -- to file his petition. Petitioner raises issues that were known to him from the beginning, and does not offer any reason for his delay in seeking relief. This is fatal to his petition. (*In re Clark* (1993) 750, 765.)

(RMTD, Ex. C at 2.)

Under *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), the subsequent summary denials of Petitioner's state habeas petitions by the California Court of Appeal and the California Supreme Court also constituted rejections on timeliness grounds. *See id.* at 801-06 (holding that where the last reasoned opinion on a claim expressly imposes a procedural bar, it should be presumed that a later decision summarily rejecting the claim did not silently disregard the bar and consider the merits of the claim). The United States Supreme Court has determined that California's timeliness rule, as set forth in *In re Clark*, is an independent state ground adequate to bar habeas corpus relief in federal court. *See Walker v. Martin*, 131 S. Ct. 1120, 1131 (2011). Thus, Respondent has sufficiently demonstrated that Petitioner's claims 1-7 are procedurally barred from federal review.

### 2. **Cause and Prejudice**

A state procedural default can be overcome in a federal habeas petition if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, . . . ." *Coleman*, 501 U.S. at 750. The cause standard requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts to construct or raise the claim." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (internal quotation and citation omitted).

Petitioner argues the state's application of *In re Clark* to his claims can be overcome because he is entitled to equitable tolling of the limitations period and the state court misapplied the timeliness bar. The Supreme Court has determined that 28 U.S.C. § 2244(d), AEDPA's one-year statute of limitations for filing a habeas petition in federal court, is subject to equitable tolling in

4

appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Such tolling is not relevant, however, where a claim has been found procedurally barred. Here, Petitioner's equitable tolling argument is based on his inability to access the law library and his legal materials from August 27, 2007 to November 14, 2007, due to a prison lockdown. Cause to excuse a procedural default may be found where a lockdown by prisons officials prevented the petitioner from filing a timely petition for collateral review. *See Buffalo v. Sunn*, 854 F.2d 1158, 1163-64 (9th Cir. 1988). Petitioner states that he gained access to the law library and his legal materials on November 14, 2007 (RMTD, Opp'n at 6:21:24), however, he did not file his state habeas petition in the superior court until more than eleven months later, on October 20, 2008. In finding the petition untimely, the superior court noted that Petitioner had raised claims "that were known to him from the beginning" and that he did not offer any reason for his delay in seeking relief. (RMTD, Ex. C at 2.) In the instant case, Petitioner raises the same claims he raised in superior court, and similarly fails to provide any explanation for the delay in filing his state habeas petition after he regained access to the law library and his legal materials.

Further, to the extent that Petitioner's equitable tolling argument is based on his lack of legal expertise as the reason for his untimely state filing, a *pro se* defendant's lack of knowledge of the law does not constitute cause. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (holding that a *pro se* petitioner's illiteracy is not sufficient to meet the cause standard). A claim that a state applied one of its rules unfairly or erroneously also does not constitute cause. *See Wood v. Hall,* 130 F.3d 373, 378-79 (9th Cir. 1997) (refusing to review state's application of procedural bar because "'[a] federal court may not re-examine a state court's interpretation and application of state law.'") (citation omitted).

Based on the above, the Court finds that Petitioner has failed to establish cause to excuse the procedural default of claims 1-7 of the instant petition. Because Petitioner fails to establish cause, the Court need not consider whether he suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

//

### 3. **<u>Fundamental Miscarriage of Justice</u>**

If a state prisoner cannot meet the cause and prejudice standard, a federal court may still hear the merits of procedurally defaulted claims if the failure to do so would constitute a "miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992). Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citation omitted).

> [I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim.

*Id.* at 316; *see Johnson v. Knowles*, 541 F.3d 933, 936-38 (9th Cir. 2008) ("The miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt.").

The required evidence must create a colorable claim of actual innocence, as opposed to legal innocence as a result of legal error. *Id.* at 321. It is not enough to show that a reasonable doubt exists in the light of new evidence, instead, a petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." *Id.* at 329. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324. This does not mean a petitioner need always affirmatively show physical evidence that he did not commit the crime with which he is charged. *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002). Rather, a petitioner may pass through the *Schlup* gateway by promulgating evidence "that significantly undermines or impeaches the credibility of witnesses presented at trial, if all the evidence, including new evidence, makes it 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup*, 513 U.S. at 327). The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the

evidence on reasonable jurors. *Schlup*, 513 U.S. at 329.

In his opposition to Respondent's first motion to dismiss, Petitioner argued that all of his claims should be heard on the merits because he is actually innocent of the charge of causing the death of a child under the age of eight. (MTD, Opp'n at 14-16.) In support of his claim, Petitioner requested leave to file a document entitled, "Brief of Amicus Curiae of Physicians and Bio-Scientists On Behalf of Petitioner Raymond Frank," submitted by attorney Lisa A. Rasmussen in a different criminal proceeding. (MTD, Docket No. 2.) In response, Respondent argued that the amicus brief is "not *petitioner's* brief at all" because "[he] has simply attached his name to an amicus brief filed over a decade ago in the direct appeal of an unrelated shaken-baby case." (MTD, Reply at 5:14-16.) In particular, Respondent submitted a declaration from Respondent's counsel, Deputy Attorney General Gregory A. Ott, stating that Ott contacted Rasmussen and confirmed that Rasmussen was not representing Petitioner, nor had she filed an amicus brief in the instant case or "authorized or endorsed such use" of her amicus brief. (MTD, Reply, Ex. 1, Decl. Gregory Ott ("Ott Decl.") ¶¶ 3-6.) Rasmussen informed Ott that "she had filed a brief resembling [Ott's] description of the Amicus Brief in approximately 2000, in *People v. Basuta*, 94 Cal. App. 4th 370 (2001), a direct appeal case involving shaken baby syndrome." (Ott Decl. ¶ 5.) Thus, Respondent argued that the amicus brief "cannot be considered a proffer of evidence, as petitioner has no connection to the medical professionals identified in the brief, and they, no connection to petitioner's case." (MTD, Reply at 5:19-21.)

The Court ruled as follows with respect to this argument:

> Petitioner submits an amicus brief from an unrelated case without explaining how th[e] principles discussed in that brief could have any bearing on, or could result in an acquittal in, his own case. Without the brief, Petitioner offers no "new reliable evidence" to show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. * * * [B]ecause Petitioner has not explained how the filing of an unrelated amicus brief is related to his claim of actual innocence or to his petition as a whole, the Court DENIES his motion for leave to file a brief of amicus curiae without prejudice to renewing the motion upon curing the deficiencies outlined above.

Docket no. 13 at 18:3-14.

In support of his opposition to Respondent's renewed motion to dismiss, Petitioner renews

7

both his claim of actual innocence and his motion for leave to file Rasmussen's amicus brief in support of that claim. He submits evidence that shows he obtained Rasmussen's permission to use the brief and argues that the similarities between his case and the *Basuta* case, in which Rasmussen's brief was filed, are significant enough to warrant the Court's consideration of the medical and scientific evidence presented in the brief about "shaken baby syndrome." (RMTD, Opp'n at 10-15.) He also asks the Court to consider additional, more recent, scientific studies about traumatic brain injury in infants, which studies he maintains undermine the expert testimony that was presented in his criminal case. He does not provide the Court with copies of those studies. Respondent objects to consideration of either the amicus brief or the noted studies as evidence of Petitioner's actual innocence of having caused the death of his child. In particular, Respondent argues that the evidence is not specific to Petitioner's own case, and there is no suggestion that any of the experts identified in the *Basuta* brief have examined the evidence in Petitioner's case, much less rendered an opinion based on that evidence, or that any of those experts would have testified on Petitioner's behalf.

Having reviewed the parties' arguments and the amicus brief submitted by Petitioner, the Court finds that Petitioner has not presented evidence that meets the requisite burden of proof to establish his actual innocence of the death of his son. Because the amicus brief was not written in support of Petitioner's criminal case, the arguments made therein are not addressed to the evidence presented in Petitioner's case, and Petitioner has not presented evidence (such as affidavits) from potential expert witnesses who have reviewed his case and would be willing to testify on his behalf, the Court finds that Petitioner has failed to meet his high burden of showing that, had this evidence been presented at trial, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Consequently, the Court finds that the miscarriage of justice exception does not excuse the procedural default of claims 1-7 of the instant petition. Accordingly, the motion to dismiss these claims as procedurally barred from federal habeas corpus review is GRANTED.

## II. Remaining Claims

Respondent does not move to dismiss Petitioner's claims 8-11 as procedurally barred, even

though the superior court found all of Petitioner's claims untimely. Presumably, this is because the superior court also dismissed claims 8-11 on the alternative ground that they had been reviewed and denied on direct appeal. Specifically, the superior court cited *In re Waltreus*, 62 Cal. 2d 218, 225 (1965), which provides that "'any issue that was *actually* raised and rejected on appeal cannot be renewed in a petition for writ of habeas corpus.'" *Forrest v. Vasquez*, 75 F.3d 562, 563 (9th Cir. 1996) (quoting *In re Harris*, 5 Cal. 4th, 813, 829 (1993)). A *Waltreus* citation does not bar federal review because California habeas petitioners are not required to seek state habeas relief in order to exhaust their claims. *Id.* at 564; *see Cone v. Bell*, 556 U.S. 449, 466-67 (2009) ("When a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas review."). Instead, the federal courts must "look through" a *Waltreus* citation to the last reasoned state court decision, which, in this case, is the decision of the California Court of Appeal on direct review. *See Forrest*, 75 F.3d at 564.

Petitioner's claims 8-11 of the instant petition were raised and denied on the merits on direct appeal. Consequently, those claims are not barred from federal review by the superior court's citation to *In re Waltreus*. Accordingly, because Respondent has neither moved to dismiss claims 8-11 as procedurally barred from federal review nor renewed the motion to dismiss those claims as untimely, the claims remain pending and Respondent is ORDERED to file an Answer in response thereto.

### III.     **Appointment of Counsel and Evidentiary Hearing**

Petitioner moves for the appointment of counsel to represent him in this case. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or

physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965). At this time, the Court finds that the interests of justice do not require the appointment of counsel for Petitioner in this case.

Further, until an Answer to the petition and a Traverse have been filed, it is premature for the Court to determine whether an evidentiary hearing is required under 28 U.S.C. § 2254(e). If the Court determines, upon review of the merits of the petition, that additional fact finding is required, it will decide whether an evidentiary hearing should be held or whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as supplementation of the record with sworn declarations from the pertinent witnesses. *See Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000).

Based on the above, Petitioner's requests for the appointment of counsel and an evidentiary hearing are DENIED without prejudice to the Court's *sua sponte* reconsideration of its decision during the further course of these proceedings.

## **CONCLUSION**

For the reasons stated above, the Court hereby orders as follows:

1.  Respondent's motion to dismiss claims 1-7 as procedurally barred is GRANTED. (Docket No. 14.)

2.  Petitioner's motions for the appointment of counsel and an evidentiary hearing are DENIED without prejudice. (Docket No. 16.)

3.  Respondent shall file with this Court and serve upon Petitioner, within **sixty-three (63) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as to

claims 8-11 of the instant petition. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty-three (63) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty-three (63) days** after the date Petitioner is served with Respondent's Answer.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

7. This Order terminates Docket Nos. 14 and 16.

IT IS SO ORDERED.

DATED: July 2, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**